UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TAMMY P., | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )   No. 2:23-cv-00215-GZS |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
|     Defendant | ) |

## ORDER

Before me in this Social Security appeal is the Plaintiff's motion to consider certain documents excluded from the administrative record by the Administrative Law Judge (ALJ). *See* Motion (ECF No. 10). The Plaintiff asserts that her motion is an attempt to comply with this Court's recent holding that it lacks the authority to correct the administrative record to include documents specifically excluded by an ALJ but that the Court can nevertheless consider the excluded documents in the context of an argument that the ALJ erred in excluding the documents. *See* Motion at 2; *Joseph C. v. Kijakazi*, No. 2:20-cv-00354-NT, 2022 WL 153252, at *2-3 (D. Me. Jan. 17, 2022). The Commissioner opposes the Plaintiff's motion, arguing that it is just another improper motion to correct the record by a different name. *See* Opposition (ECF No. 12). The Plaintiff replies that she "is simply attempting to determine the proper procedure to follow in these cases in compliance with the ruling in" *Joseph C.*, and that she would like "guidance" on how to submit the excluded

1

documents to the Court to "facilitate the determination of whether" they were "properly excluded." Reply (ECF No. 15) at 2.

I offer the following guidance. In circumstances where a plaintiff argues that the ALJ erred by excluding evidence from the record, the plaintiff may attach the excluded evidence to her primary brief if necessary. The Commissioner may then respond to the plaintiff's argument regarding the exclusion of the evidence—and raise any objections to the Court's consideration of the excluded evidence—in her brief. There is no need further complicate the process by filing a separate motion.

Given that the Plaintiff in this case has already filed the instant motion, I will **GRANT** it to the extent it seeks to place the excluded documents before the Court. The Commissioner remains free to raise any arguments regarding the documents in her brief.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: September 22, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge