UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TAMMY P., | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )   No. 2:23-cv-00215-JAW |
| | ) |
| MARTIN O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|       Defendant | ) |

### REPORT AND RECOMMENDED DECISION

The Plaintiff in this Social Security Disability appeal faults the Administrative Law Judge (ALJ) for failing to find a medically determinable impairment of Lyme disease and mischaracterizing the record in discounting her subjective allegations. *See* Plaintiff's Brief (ECF No. 9) at 6-19. I discern no error and recommend that the Court affirm the Commissioner's decision.

### I. Background

The ALJ found, in relevant part, that the Plaintiff had a severe impairment of degenerative disc disease of the right shoulder, *see* Record at 21, retained the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) except that she could never climb ropes or scaffolds or be exposed to excessive vibration or hazardous heights, *see id*. at 23, was capable of performing past relevant work as an automobile repossessor and collections representative, which did not require the performance of activities precluded by her RFC, *see id*. at 30, and therefore had not been disabled from October 1, 2019, her alleged onset date of

1

disability, through October 5, 2022, the date of the decision, *see id*. at 20, 33. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-3, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 404.981.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III. Discussion

### A. Finding of No Medically Determinable Lyme Disease Impairment

As the Plaintiff acknowledges, *see* Plaintiff's Brief at 16, the ALJ relied on the February 26, 2021, opinion of agency nonexamining consultant Archibald Green, D.O., in finding that she had no medically determinable impairment of Lyme disease, *see* Record at 21-22, 92-93. She argues, however, that this reliance was misplaced

because both Dr. Green and the ALJ "misconstrued the medical evidence in the record," Dr. Green lacked the benefit of review of later-submitted evidence, and the ALJ improperly refused to admit post-hearing diagnostic evidence. *See* Plaintiff's Brief at 1, 14, 16-17. None of these points has traction.

First, the Plaintiff extends an unavailing invitation to the Court to substitute its judgment not only for that of the ALJ but also for that of the expert on whose opinion she relied, Dr. Green. *See Nathaniel-Bishop W.B. v. Kijakazi*, No. 1:20-cv-00323-JAW, 2021 WL 4147245, at *4 (D. Me. Sept. 12, 2021) (rec. dec.) (declining to second-guess the opinions of agency nonexamining doctors where their opinions were not facially inconsistent with the record and noting that courts generally lack the expertise to second-guess the opinions of medical experts), *aff'd*, 2021 WL 5750391 (D. Me. Dec. 2, 2021); *Becky K. G. v. Saul*, No. 1:20-cv-00089-GZS, 2020 WL 7418974, at *5 (D. Me. Dec. 17, 2020) (rec. dec.) ("That the record could arguably support a different conclusion does not entitle [a claimant] to remand; it is for the ALJ, not the court, to draw conclusions from the evidence and to resolve any conflicts therein."), *aff'd*, 2021 WL 66609 (D. Me. Jan. 7, 2021).

Second, the Plaintiff falls short of showing that Dr. Green lacked the benefit of review of material later-submitted evidence. She identifies two March 5, 2021, opinions of treating nurse practitioner Whitney Tranchemontagne, APRN, as unseen by Dr. Green. *See* Plaintiff's Brief at 17-18; Record at 610-16. Yet, the ALJ rejected those opinions as "poorly supported in Ms. Tranchemontagne's own treatment notes" and reliant on "subjective complaints rather than objective findings or medically

3

determinable impairments," Record at 29, and the Plaintiff does not separately challenge that rejection, *see* Plaintiff's Brief at 17-18. This renders the unseen Tranchemontagne opinions akin to trees falling in a forest. *See, e.g.*, *Nicole A. O. v. Saul*, No. 2:20-cv-00238-GZS, 2021 WL 2411225, at *5 (D. Me. June 13, 2021) (rec. dec.) (holding that an ALJ properly relied on the opinion of an agency nonexamining consultant who had not seen a later-submitted treating source opinion when the ALJ supportably rejected that treating source opinion), *aff'd*, 2021 WL 2666854 (D. Me. June 29, 2021).

Third, and finally, the ALJ properly declined to admit the Plaintiff's post-hearing diagnostic evidence for failure to meet the requirements of 20 C.F.R. § 404.935(b) and Social Security Ruling (SSR) 17-4p. Section 404.935 requires that a claimant either "inform [the ALJ] about or submit any written evidence" no later than five business days before the claimant's hearing unless certain exceptions apply. 20 C.F.R. § 404.935(a). Those exceptions include situations in which an "unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier"; for example, "You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing." *Id.* § 404.935(b)(3)(iv).

SSR 17-4p places affirmative duties on claimants' representatives to assist in developing written evidence, including the duty "to "submit or inform us about written evidence as soon as they obtain or become aware of it." SSR 17-4p, 2017 WL 4736894, at *4 (Oct. 4, 2017). "[I]t is only acceptable for a representative to inform

4

us about evidence without submitting it if the representative shows that, despite good faith efforts, he or she could not obtain the evidence." *Id.*

The Plaintiff's representative stated in his pre-hearing brief, dated September 16, 2021, that no records were pending. *See* Record at 308. He made no mention at the Plaintiff's September 23, 2021, hearing of the possible submission of additional evidence. *See id.* at 41, 78-79. The ALJ set a deadline of September 30, 2021, for any post-hearing briefing or vocational expert rebuttal evidence and noted that she would close the record on that date. *See id.* at 78.

On October 1, 2021, the Plaintiff's representative sent the ALJ copies of September 28, 2021, results of diagnostic testing of blood samples received on September 15, 2021, to screen for abnormalities including the presence of Lyme disease. *See* Record at 317; Exh. A (ECF No. 10-1) to Motion to Consider Omitted Documents (ECF No. 10). The representative's cover letter described the documents as "Medical Records, 6 pages, from [the Plaintiff] dated 9/15/21 – 9/28/21" and asked that they be "associate[d] . . . with the file." Record at 317. The representative did not explain either the significance or lateness of the submission. *See id.*

The ALJ declined to admit the testing documents on the basis that the requirements of 20 C.F.R. § 404.935(b) and SSR 17-4p were not met, the representative having failed to "explain what the late submission is or how the late submission is relevant to the issues in this case." *Id.* at 16-17 (cleaned up). She elaborated:

> The submission is so vague ("medical records") that it lacks the specificity, such as a provider name or location, that could permit the

5

> undersigned to infer such relevance. SSR 17-p, in addition to requiring a statement of relevance to "show that the evidence relates to the individual's medical condition . . . medical treatment, or other issue relevant to whether or not the individual is disabled or blind," tasks representatives with providing information specific enough to identify the evidence (source, location, and dates of treatment). [The representative] only provided dates. The undersigned should be able to tell from the face of [his] explanatory submission . . . whether a late, previously undisclosed record should be admitted and considered in the case, particularly where, as here, he reports that the dates span a period prior to the hearing.

*Id.* at 17. She further concluded that because "the range of dates [of the evidence] includes the period prior to the hearing," the representative "could have informed [her] that the record existed or *was anticipated.*" *Id.* Yet, she observed, the representative affirmatively stated in his September 16, 2021, pre-hearing brief that no records were pending and did not inform her at the hearing that there was any outstanding evidence. *See id.*

The Plaintiff faults the ALJ for excluding evidence that was submitted only one day late, asserting that good cause should have been found to admit the test results because they were not issued until September 28, 2021, and did not exist as of the time of the hearing. *See* Plaintiff's Brief at 13-14. As a threshold matter, the ALJ—who had not been informed that any further medical evidence was forthcoming—set a deadline only for the submission of post-hearing vocational expert rebuttal evidence. *See* Record at 78. The Plaintiff thus mixes apples and oranges in asserting that the medical records evidence was only one day late. In any event, the Plaintiff does not engage with the ALJ's detailed reasons for excluding the evidence, which pass muster pursuant to 20 C.F.R. § 404.935(b) and SSR 17-4p. *See, e.g., Janet*

6

*C. v. Kijakazi*, No. 2:22-cv-00018-LEW, 2022 WL 17175383, at *2-3 (D. Me. Nov. 22, 2022) (rec. dec.) (holding that an ALJ properly declined to admit post-hearing treatment records pursuant to SSR 17-4p when the claimant's representative's notice failed to specify the dates of treatment or clarify "how those records related to the question of whether the [claimant] was disabled"; rejecting the claimant's argument that the ALJ "elevate[d] form over substance in insisting on compliance to the letter with SSR 17-4p" (cleaned up)), *aff'd*, 2023 WL 156861 (D. Me. Jan. 10, 2023).[1]

### B. Discounting of Plaintiff's Subjective Complaints

The Plaintiff next asserts that the ALJ erroneously discounted her subjective complaints by misrepresenting the extent to which she could "attend to her personal needs, cook meals, complete household chores, mow the yard, and go on the computer." *Id.* at 18-19. She contends that, in making those findings, the ALJ mischaracterized portions of her function report indicating that she needed help with her work, was in excruciating pain, came directly home to lie down after a part-time job cleaning houses for a few hours and could cook only after she felt better, had

---

[1] At oral argument, the Plaintiff's counsel cited three cases for the proposition that the ALJ erred in excluding the diagnostic testing evidence: *Raymond B. v. O'Malley*, No. 1:22-cv-00393-JAW, 2024 WL 356894 (D. Me. Jan. 31, 2024) (rec. dec.), *objection docketed*, ECF No. 25 (D. Me. Feb. 14, 2024); *Kenneth W. ex rel. Matthew W. v. O'Malley*, No. 2:23-cv-00204-JDL, 2024 WL 277833 (D. Me. Jan. 25, 2024) (rec. dec.), *aff'd*, ECF No. 29 (D. Me. Apr. 19, 2024), and *Patrick S. v. Saul*, No. 1:18-cv-289-DBH, 2019 WL 3814283 (D. Me. Aug. 14, 2019). As counsel for the Commissioner rejoined, all three cases are distinguishable in that they address an ALJ's authority to set a deadline for vocational rebuttal evidence pursuant to Social Security Ruling 96-9p. *See Raymond B.*, 2024 WL 356894, at *1-2; *Kenneth W.*, 2024 WL 277833, at *1; *Patrick S.*, 2019 WL 3814283, at *3-4 & n.3. The Plaintiff's counsel also cited a portion of the Social Security Administration's Hearings, Appeals, and Litigation Law Manual (HALLEX) providing, "[W]hen the claimant or representative shows that he or she made a good faith effort to timely request, obtain, and submit evidence, but he or she did not receive the records at least five business days before the date of the scheduled hearing because of circumstances outside his or her control, the ALJ will find that the claimant has actively and diligently sought evidence." HALLEX I-2-6-59, 2017 WL 1632957, at *2 (last updated May 1, 2017). Yet, as discussed above, the Plaintiff's representative never attempted to make such a showing.

7

trouble dressing herself, and sometimes needed help from her son. *See id.* at 19. She adds that the ALJ also mischaracterized portions of her son's function report indicating that pain kept her up at night, she overdid it when waiting for others to help, her friend did the yard work, and she was unable to see her friends. *See id.* at 19. I find no basis on which to disturb the ALJ's analysis.

An ALJ's evaluation of a claimant's subjective statements "is entitled to deference, especially when supported by specific findings." *Frustaglia v. Sec'y of Health & Hum. Servs.*, 829 F.2d 192, 195 (1st Cir. 1987). The Plaintiff fails to show that deference should not be accorded that evaluation in this case.

The Plaintiff's function report and/or her son's function report support the ALJ's finding that the Plaintiff could perform all of the activities the ALJ cited, sometimes—as the ALJ acknowledged—with help from her son. *Compare* Record at 24 *with id.* at 262-64, 266, 271-72. The ALJ did not ignore the Plaintiff's report that she worked part-time cleaning homes with help; on the contrary, she acknowledged it. *See id.* at 24. While the Plaintiff's son reported that his mother's friend did the yardwork, *see id.* at 273, the ALJ correctly noted that the Plaintiff reported cutting grass with a riding lawn mower, *see id.* at 24, 264.

The ALJ reasonably discounted the Plaintiff's allegations of disabling symptoms in part on the basis of her ability to accomplish these and other activities, "at least at times." *Id.* at 27; *see also, e.g.*, *Christopher B. v. Kijakazi*, No. 1:22-cv-00333-NT, 2023 WL 5949446, at *5 n.2 (D. Me. Sept. 13, 2023) (rec. dec.) ("[W]hile a claimant's activities of daily living, standing alone, do not constitute

8

substantial evidence of a capacity to undertake full-time remunerative employment, an [ALJ] properly may take such activities into consideration in assessing the [persuasiveness] of a claimant's allegations and in resolving conflicts in the evidence with respect to medical experts' and treating providers' opinions of a claimant's capabilities." (cleaned up)), *aff'd*, 2023 WL 6390661 (D. Me. Oct. 2, 2023).

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: April 22, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge